UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

DARREN DEON JOHNSON,

        Plaintiff,                        Case No. 2:24-cv-163

v.                                            Honorable Maarten Vermaat

JEFF HOWARD, et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.8.)

Plaintiff filed a motion for leave to proceed *in forma pauperis* (ECF No. 2). Plaintiff, however, is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to enter an opinion, order, and judgment denying Plaintiff leave to proceed *in forma pauperis* and dismissing this action without prejudice. *See Neals*

2

*v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[2] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## **Discussion**

The PLRA amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See, e.g.*, Order & J., *Johnson v. Quist*, No. 2:12-cv-11907 (E.D. Mich. July 10, 2012); Op., Order & J., *Johnson v. Kuehne*, No. 2:12-cv-12878 (E.D. Mich. July 31, 2012); Order & J., *Johnson v. Harrison*, No. 2:12-cv-12543 (E.D. Mich. Aug. 2, 2012).

4

Additionally, on multiple occasions, Plaintiff has been denied leave to proceed *in forma pauperis* by this Court, the United States District Court for the Eastern District of Michigan, and the Sixth Circuit Court of Appeals. Indeed, the present suit is one of scores that Plaintiff has filed during his incarceration. Plaintiff has filed so many frivolous lawsuits that the United States District Court for the Eastern District of Michigan has enjoined Plaintiff from filing any new action without first obtaining leave of court, *Johnson v. Schultz*, No. 2:22-cv-11056, 2022 WL 1569281, at *2 (E.D. Mich. May 18, 2022), a restriction that the Sixth Circuit concluded was "justified by Johnson's record of engaging in vexatious litigation." Order, *Johnson v. Correctional Officer Schultz*, No. 22-1520, at 3 (6th Cir. Jan. 13, 2023).

As explained below, Plaintiff's allegations in the present action do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).

> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

5

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id.* Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Kinross Correctional Facility (KCF), and he sues Warden Jeff Howard, Correctional Officer Unknown Hungerford, and Acting Grievance Coordinator J. Davis. Plaintiff alleges that near the end of August 2024, he submitted a kite to Defendant Howard regarding an outbreak of COVID-19 at KCF. (Compl., ECF No. 1, PageID.3.) Plaintiff alleges that Defendant Howard ignored Plaintiff's complaint, which resulted in Plaintiff contracting COVID-19 because inmates who tested positive were allowed "to be mixed and mingled" with inmates who had not tested positive. (*Id.*) Plaintiff filed a grievance, but it was rejected by Defendant Davis. (*Id.*) Plaintiff suggests Defendant Davis rejected his grievance to retaliate against Plaintiff for a grievance Plaintiff had written about Defendant Howard. (*Id.*)

Plaintiff goes on to allege that around September 20, 2024, Defendant Howard allowed Defendant Hungerford to return to work "after only a week from contracting the COVID-19 virus." (*Id.*) Plaintiff states this is how he contracted the virus. (*Id.*) Plaintiff sets forth that he suffers from various health conditions, including asthma, a weak heart with a low heart rate, and that he has previously suffered two mild heart attacks. (*Id.*, PageID.4.) Plaintiff claims that he is "susceptible to experience[ing] serious symptoms" from COVID-19. (*Id.*) He states that he is "currently suffering fever, chills, chest pain, shortness of breath, sore throat, nausea, muscle aches, headaches, eye pain, blurry vision, and loss of taste and smell." (*Id.*) Plaintiff claims that the medical staff do nothing but check inmates' temperatures and then notify officers, who then take inmates who have

6

tested positive to segregation, where they are "forced to go through the COVID-19 virus suffering." (*Id.*) According to Plaintiff, 95% of the staff and inmates at KCF "have the COVID-19 virus and [are] continuously re-contracting the virus." (*Id.*)

Plaintiff avers that he is in imminent danger of serious physical harm because he is "continuously contracting the COVID-19 virus and suffering serious physical injuries." (*Id.*, PageID.5.) Plaintiff suggests that those injuries will lead to death, and that he "should not have to wait until a tragic event [takes] place." (*Id.*) Based upon the foregoing, Plaintiff asserts Eighth Amendment deliberate indifference claims, and also appears to assert a First Amendment retaliation claim against Defendant Davis.

As an initial matter, Plaintiff's allegations concerning the rejection of his grievance by Defendant Davis fail to demonstrate any imminent danger of serious physical harm. As for Plaintiff's allegations concerning COVID-19, the Court recognizes that COVID-19 is "highly infectious" and "can cause severe complications or death." *Wilson v. Williams*, 961 F.3d 829, 833 (6th Cir. 2020). Notably, however, this is not Plaintiff's first action alleging that he has been placed in imminent danger from the COVID-19 virus. In 2021, the United States District Court for the Eastern District of Michigan denied Plaintiff leave to proceed *in forma pauperis* after concluding that Plaintiff's allegations that "he is at risk of contracting COVID-19 [were] conclusory and speculative, given the precautions that MDOC is taking to prevent spread of the disease." *See Johnson v. Kalat*, No. 2:21-cv-10085, 2021 WL 1720835, at *2 (E.D. Mich. Apr. 30, 2021). A year later, the Eastern District of Michigan again denied Plaintiff leave to proceed *in forma pauperis* after concluding that Plaintiff's allegations that he was housed with inmates who had tested positive for COVID-19 were insufficient to demonstrate imminent danger of serious physical harm, particularly in light of Plaintiff's statement that he had already contracted COVID-

7

19 previously. *See Johnson v. Moss*, No. 2:21-cv-10247-TGB-EAS, 2022 WL 1670104, at *2 (E.D. Mich. May 25, 2022).

The Court acknowledges Plaintiff's concerns about the COVID-19 virus and the threat it poses. However, "merely because Plaintiff currently is a prisoner within an MDOC prison 'does not mean that he is at a high risk of contracting COVID-19.'" *Johnson*, 2021 WL 1720835, at *2 (quoting *Littlejohn v. Whitmer*, No. 2:20-cv-39, 2020 WL 1685310, at *3 (W.D. Mich. Apr. 7, 2020)). Although Plaintiff alleges that he is currently experiencing various symptoms of the COVID-19 virus, those symptoms are akin to symptoms experienced by the vast population of individuals who have contracted COVID-19 and have recovered from the virus. COVID-19 vaccines are now readily available, *see Johnson v. Moss*, No. 2:21-cv-10247-TGB-EAS, 2022 WL 16796645, at *1 (E.D. Mich. Nov. 8, 2022), and Plaintiff does not allege that he was prevented from receiving any vaccines. Furthermore, Plaintiff indicates that he has already contracted and recovered from the virus at least once. *See United States v. Sweet*, No. 21-1477, 2021 WL 5371402 at *3 (6th Cir. 2021) (explaining that risks of COVID-19 were "significantly reduced" because the inmate at issue "had previously contracted (and recovered) from the virus"); *cf. United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction," even if the defendant has a serious medical condition.). As in his previous cases, Plaintiff's concerns that he will keep contracting the COVID-19 virus and that it will lead to serious complications or death are too speculative to constitute imminent danger. *See Taylor v. Washington*, No. 2:20-cv-174, 2020 WL 5887248, at *6 (W.D. Mich. Oct. 5, 2020) ("[S]peculation about the mere possibility that [a plaintiff] will become infected by the virus does not constitute imminent danger.").

In reaching this conclusion, the Court does not discount the symptoms Plaintiff alleges he experienced. Plaintiff's conditions, however, are "described with insufficient facts and detail to establish that he is in danger of imminent physical injury" from Defendants. *See Rittner*, 290 F. App'x at 798 (footnote omitted). That is not to say that Plaintiff's allegations are "ridiculous . . . baseless . . . fantastic—or delusional . . . irrational or wholly incredible." *Vandiver*, 727 F.3d at 585. They are simply insufficient.

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

### Conclusion

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[3] Plaintiff has also filed a motion for a temporary restraining order and preliminary injunction (ECF No. 3), which the Court will deny in light of the dismissal of this action.

---

[3] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated: October 28, 2024                    /s/ *Maarten Vermaat*
                                           Maarten Vermaat
                                           United States Magistrate Judge